IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02745-LTB

WILLIAM L. GLADNEY,

    Applicant,

v.

PEOPLE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, William L. Gladney, a federal prisoner who is currently incarcerated at the United States Penitentiary in Atwater, California, filed on a **pro se** motion requesting that the Court re-open his case on January 3, 2012. The Court must construe the motion liberally because Mr. Gladney is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed as a motion to reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Gladney filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Gladney fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Gladney initiated this action by filing a "Memorandum of Points and Authorities in Support to Motion Under 28 U.S.C. § 2254" on October 21, 2011. In an order entered on October 28, 2011, Magistrate Judge Boyd N. Boland directed Mr. Gladney to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Gladney to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Gladney was also directed to submit a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a current, certified copy of his prisoner's trust fund statement. Mr. Gladney was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On November 21, 2011, Mr. Gladney filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in addition to a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The § 1915 Motion and Affidavit form, however, was deficient because the account statement Mr. Gladney submitted was not

certified by either the warden or an appropriate officer at Mr. Gladney's facility. Therefore, on December 8, 2011, the Court dismissed the action without prejudice for failure to cure the deficiencies. Judgment also entered on December 8, 2011.

In the motion to reconsider, Mr. Gladney requests that the Court "permit his untimely submission of the document initially ordered . . . ." Motion at 1. Mr. Gladney has attached a certified copy of his inmate account statement to the Motion to Reconsider. However, Mr. Gladney does not explain his failure to submit a certified account statement within the time provided by the Court nor his failure to request additional time to obtain a certified inmate account statement. Instead, he simply asserts that he has received an unfair trial and is currently illegally incarcerated. Mr. Gladney failed to comply with Magistrate Judge Boland's Order of October 28, 2011, to Cure Deficiencies because he failed to submit a certified copy of his inmate account statement with the time provided. Mr. Gladney was previously warned that his failure to comply with the Order to Cure would result in the dismissal of his action without further notice. In the instant Motion, Mr. Gladney has provided no reason or explanation that would excuse his failure to comply with the Order to Cure.

Mr. Gladney has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012.

Mr. Gladney is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the Motion to Reconsider filed on January 3, 2012 (Doc. # 8) is DENIED.

DATED at Denver, Colorado, this  9th  day of     January        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court