IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02745-BNB

WILLIAM L. GLADNEY,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE
SECOND AND FINAL AMENDED APPLICATION

---

Applicant, William L. Gladney, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Atwater, California. Mr. Gladney, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his conviction in the Adams County District Court of Colorado in Case No. 08CR396. He has been granted leave to proceed *in form pauperis*.

The Court must construe liberally Mr. Gladney's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gladney will be ordered to file a second and final amended application.

On March 1, 2012, the Court reviewed Mr. Gladney's application and determined it was deficient because Mr. Gladney failed to include a statement of the claims he intended to raise. Instead, Mr. Gladney referred the Court to a memorandum that he filed in addition to the application. Mr. Gladney was informed that the Court was not responsible for reviewing any attached documents submitted to determine what claims and specific facts he intended to raise. Instead, Mr. Gladney was directed to file an Amended Application on the Court-approved form, on which he identified all of his specific claims for relief and the specific facts in support of each asserted claim. Mr. Gladney was directed that the action would be dismissed without further notice if he failed to file the Amended Application.

After receiving an extension of time, Mr. Gladney filed an Amended Application on May 15, 2012. He filed a Memorandum of Law on May 17, 2012. Also on May 17, 2012, he filed an Amended Application that appears to be substantially similar to the Amended Application filed on May 15, 2012.

The Court has reviewed the Amended Applications and finds that they are again deficient. First, the Amended Application is not on the Court-approved form. Mr. Gladney is required to use the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form for the United States District Court for the District of Colorado that is located at www.cod.uscourts.gov. Mr. Gladney may not submit his Amended Application on a form that is used by courts in other districts.

Second, Mr. Gladney has again failed to include a statement of the claims he intends to raise. Instead, he refers the Court to the Memorandum of Law submitted on May 17, 2012. It is not the Court's responsibility to review any attached documents

2

submitted by Mr. Gladney to determine what claims and specific facts he intends to raise in the instant action. Mr. Gladney has failed to comply with the requirements set forth in the March 1 Order for Amended Application.

However, Mr. Gladney will be allowed one final opportunity to file, on the Court-approved form, a second and final amended application that includes a clear and concise statement of every claim he is raising in this action. The second and final amended application must be a single, coherent document. The Court will not consider any claims or arguments raised in separate amendments, supplements, motions, or other documents that are not included in the second and final amended application.

The second and final amended application must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. Gladney to go beyond notice pleading. *See Blackledge v. Allison*,

431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant, William L. Gladney, file **within thirty (30) days from the date of this order** a second and final amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that Mr. Gladney shall obtain the Court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Gladney fails within the time allowed to file a second and final amended application that complies with this order as directed, the amended application will be denied, and the action dismissed without further notice. It is

FURTHER ORDERED that the "Petition to Admit Appplication and Memorandum" (ECF No. 19) filed on May 17, 2012, is DENIED as unnecessary.

DATED May 21, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge