IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02745-BNB

WILLIAM LAWRENCE GLADNEY,

    Applicant,

v.

MR. COPENHAVEN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, William Lawrence Gladney, is a prisoner serving two consecutive life sentences (one federal and one state) and a consecutive 11-year sentence. He is currently incarcerated at the federal facility in Atwater, California. Mr. Gladney initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 21, 2011. Mr. Gladney is challenging the validity of his conviction and sentence in Case No. 04CR3586 in the Adams County District Court of Colorado.

The Court must construe liberally the Application filed by Mr. Gladney because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

**I. Background and State Court Proceedings**

Following a jury trial in the United States District Court for the District of

Colorado, Mr. Gladney was found guilty of a RICO violation, conspiracy to distribute and possess with the intent to distribute a controlled substance, and a federal weapons violation. *See United States v. Hutchinson*, 573 F.3d 1011, 1019 (10th Cir. 2009). He was sentenced to two concurrent life sentences and a consecutive sentence of eleven years. *Id.*

After Mr. Gladney's federal conviction, he was convicted by a Colorado jury of first degree murder and sentenced to life without parole, to be served consecutive to his federal sentences. *See People v. Gladney*, 250 P.3d 762, 765 (Colo. App. 2010). Mr. Gladney's conviction was affirmed on direct appeal, *see id.*, and the Colorado Supreme Court denied certiorari review on October 18, 2010, *see* Pre-Answer Resp. at Ex. C.

On March 21, 2012, Mr. Gladney filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). Respondent indicates that the Rule 35(c) motion remained pending in the state court as of July 16, 2012.

Mr. Gladney initiated this action by filing a "Memorandum" on October 21, 2011. He filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 21, 2011. On December 8, 2011, the Court dismissed the action for Mr. Gladney's failure to file a certified copy of his inmate trust fund account statement.

Mr. Gladney filed a motion to reconsider on February 6, 2012. On February 13, 2012, the Court granted the motion to reconsider and re-opened Mr. Gladney's case, finding that Mr. Gladney had demonstrated that his case manager had inadvertently provided him with an account statement that was not certified. On March 1, 2012, Magistrate Judge Boland directed Mr. Gladney to file an Amended Application and include a statement of the claims that he intended to raise in this Court. After receiving

an extension of time, Mr. Gladney submitted an Amended Application on May 15, 2012.

On May 21, 2012, Magistrate Judge Boland determined that the Amended Application was deficient because it was not on the Court-approved form, and because Mr. Gladney again failed to include a statement of the claims that he intended to raise. Therefore, Magistrate Judge Boland directed him to file a Second and Final Amended Application. Mr. Gladney submitted a Second Amended Application to the Court on June 26, 2012. In the Second Amended Application, Mr. Gladney asserts the following claims: (1) his right against double jeopardy was violated by the Colorado state conviction; and (2) the trial court erred in admitting evidence of his involvement in drug dealing as *res gestae*. See Second Amended Application at 5-6.

On June 26, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. Respondent the Attorney General of the State of Colorado submitted a Pre-Answer Response on July 16, 2012. On August 6, 2012, Mr. Gladney submitted a *pro se* document titled "Petition to Correct a Misnomer", which the Court will construe as a Reply.

In the Pre-Answer Response, Respondent concedes that Mr. Gladney's Second Amended Application is timely. However, Respondent argues that Mr. Gladney's claims are unexhausted in the state courts and are now procedurally defaulted.

**II. Exhaustion and Procedural Default**

3

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a state court has deemed the issue procedurally barred. *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). A claim is precluded from federal habeas review when it has been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]." *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

Respondent argues that Mr. Gladney has failed to exhaust Claims One and Two because he did not raise these claims on direct appeal as asserting federal constitutional claims. Upon review of Mr. Gladney's opening brief on direct appeal, the Court agrees that Mr. Gladney failed to satisfy the fair presentation requirement for Claims One and Two. *See* Pre-Answer Resp. at Ex. G, p. 12-35. With respect to his first claim (violation of double jeopardy), Mr. Gladney argued in the state courts that Colorado had adopted a statute, Colorado Revised Statute § 18-3-301, which limited the circumstances under which Colorado may prosecute a defendant for conduct already prosecuted by the federal government. *Id.* at 12-21. He asserted that the statutory conditions for prosecution under Colo. Rev. Stat. § 18-3-301 were not met in

his case, and that the statute provides a complete defense to any subsequent state prosecution. *Id.* In the claim he raises in this Court, Mr. Gladney now asserts that his constitutional right against double jeopardy has been violated. However, the test for whether a defendant has been charged twice for commission of the same crime, in violation of double jeopardy, was set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). In his claim in the state courts, Mr. Gladney did not discuss or apply the *Blockburger* test; instead, he focused on the argument that the state court had violated Colo. Rev. Stat. § 18-3-301 in prosecuting him. *See* Pre-Answer Resp. at Ex. G, p. 12-21. Mr. Gladney relied primarily on Colorado state case law in developing his argument that the trial court erred in denying his motion to dismiss the case. *Id.*

Likewise, with respect to Mr. Gladney's second claim (trial court erred in admitting evidence of his involvement in drug dealing), Mr. Gladney again relied on Colorado state case law in developing this claim. Mr. Gladney argued in the state courts that Colorado should abolish the *res gestae* doctrine and that the evidence of his drug dealing was inadmissible under Colorado evidentiary rules. *Id.* at 17-25. While it is true that the admission of evidence can rise to the level of a due process violation, "the alleged error [must be] so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness," before habeas relief is available. *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (quotations and brackets omitted); *see also Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (observing that "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" (quotations omitted)). In this case, Mr. Gladney did not develop a federal constitutional argument that his due process rights were violated by the admission of

6

evidence that rendered his trial "fundamentally unfair". *See id.* Instead, he challenged the admission of the evidence under Colorado state law. *See* Pre-Answer Resp. at Ex. G, p. 22-35.

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Gladney alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that Mr. Gladney has failed to exhaust state court remedies for Claims One and Two, because he did not raise these claims as asserting federal constitutional violations.

Moreover, with limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Mr. Gladney from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction

proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Gladney has procedurally defaulted Claims One and Two.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S. Ct. 238 (2009)); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Gladney's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Gladney must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis

for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Gladney has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  As a result, Mr. Gladney's claims are procedurally barred from federal habeas review and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Second Amended Application is denied and the action is dismissed because Applicant's claims are procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  27th  day of    August   , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court